Submitted April 11; conviction on Count 9 reversed and remanded for entry of a judgment of conviction for attempted first-degree rape, remanded for resentencing, otherwise affirmed May 11, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARGARITO VALDOVINOS-MORENO,
*Defendant-Appellant.*

Marion County Circuit Court
19CR01126; A174672

510 P3d 290

Courtland Geyer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Nicholas C. Greenfield, Assistant Attorney General, filed the brief for respondent.

Before Powers, Presiding Judge, and Lagesen, Chief Judge, and Hellman, Judge.

PER CURIAM

Conviction on Count 9 reversed and remanded for entry of a judgment of conviction for attempted first-degree rape; remanded for resentencing; otherwise affirmed.

## PER CURIAM

Defendant appeals from a judgment convicting him of three counts of first-degree rape, ORS 163.375; three counts of first-degree sexual abuse, ORS 163.427; and fourth-degree assault, ORS 163.160(3). In two assignments of error, defendant challenges the trial court's denial of his motion for judgment of acquittal on the fourth-degree assault charge on Count 8 and the trial court's entry of a first-degree rape conviction on Count 9. First, we reject defendant's challenge to the trial court's ruling on the motion for judgment of acquittal as unpreserved. The argument defendant advances on appeal is not the same argument that he raised before the trial court. Second, as to Count 9, the state concedes that the trial court erred when it entered a judgment that convicted him of first-degree rape when it had previously granted the state's motion to reduce that charge to attempted first-degree rape. We agree that the trial court erred, accept the state's concession, reverse the conviction on Count 9, and remand for the trial court to correct the judgment of conviction on that count and for resentencing.[1]

Conviction on Count 9 reversed and remanded for entry of a judgment of conviction for attempted first-degree rape; remanded for resentencing; otherwise affirmed.

---

[1] The parties do not appear to agree on whether the sentence imposed on Count 9 was consistent or inconsistent with the trial court's earlier ruling reducing Count 9 to attempted first-degree rape. Because we reverse Count 9 and remand the case to the trial court to correct the judgment, which requires resentencing, the parties will have the opportunity to raise any issues with respect to the appropriate sentence. ORS 138.257(4).