No. 647          September 5, 2024          829

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARGARITO VALDOVINOS-MORENO,
*Defendant-Appellant.*

Marion County Circuit Court
19CR01126; A180950

Courtland Geyer, Judge.

Submitted July 16, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kali Montague, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this criminal appeal, defendant challenges the trial court's imposition of a sentence for attempted first-degree rape, ORS 161.405(2)(b). In a single assignment of error, defendant asserts that the trial court erred by imposing a 120-month post-prison supervision (PPS) term without reducing the term by the amount of time served in prison as required under ORS 144.103.[1]

This case comes to us on appeal for a second time. In defendant's first appeal, we reversed and remanded for resentencing after accepting the state's concession that the trial court "erred when it entered a judgment that convicted him of [one of the counts of] first-degree rape when it had previously granted the state's motion to reduce that charge to attempted first-degree rape." *State v. Valdovinos-Moreno*, 319 Or App 534, 535, 510 P3d 290, *rev den*, 370 Or 455 (2022).

On remand, the trial court sentenced defendant to 36 months in prison for the attempt conviction. In addition, at the resentencing hearing, the court adopted the state's recommendation for a 120-month PPS term "minus time actually served." However, in the written judgment, the court imposed a 120-month PPS term without accounting for time served. The trial court also reimposed the sentences it had imposed on his other convictions, including, on one count of first-degree rape, a 100-month prison term with a 140-month PPS term.

Defendant argues that the trial court added terms to the judgment that it had not announced at sentencing when it imposed 120 months of PPS without reducing the term by time served. Additionally, defendant argues that with the PPS term as written, the sentence imposed for attempted first-degree rape, a Class B felony, exceeds the maximum

---

[1] ORS 144.103(1) provides, in relevant part:

"Except as otherwise provided in ORS 137.765 and subsection (2) of this section, any person sentenced to a term of imprisonment for violating or attempting to violate ORS *** 163.375 *** shall serve a term of active post-prison supervision that continues until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation."

allowed under ORS 161.605(2).[2] *See* ORS 163.375(2) (stating that first-degree rape is a Class A felony); ORS 161.405(2)(b) (stating that an attempt is a "Class B felony if the offense attempted is a Class A felony"). The state concedes that the trial court erred under ORS 144.103 when it imposed a 120-month PPS term. We accept the state's concession.

Even accepting that the trial court erred, we conclude that any error was harmless. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (an error is harmless if there is "little likelihood that the particular error affected the verdict"). Defendant does not challenge the 140-month PPS term that the court reimposed on the first-degree rape conviction. "When [a] defendant is released from prison, all of [their] existing PPS terms will merge into a single term[.]" *State v. Webb*, 262 Or App 1, 7, 324 P3d 522 (2014); *see also* OAR 213-012-0040(1) ("If the offender has been sentenced to multiple terms of post-prison supervision, the terms of post-prison supervision shall be served as a single term."). Because the unchallenged 140-month PPS term subsumes the 120-month PPS term that defendant challenges on appeal, the trial court's error had no practical effect. *Webb*, 262 Or App at 7-8; *see also State v. Jones*, 274 Or App 723, 731, 362 P3d 899 (2015) (affirming where a sentencing error "had no practical effect on [the] defendant and was, therefore, harmless"). Accordingly, we conclude that the trial court's error provides no basis for reversal of the judgment.

Affirmed.

---

[2] Defendant asserts that "[t]he sentence for [attempt], a Class B felony, exceeds the maximum allowed under ORS 161.005." ORS 161.005 introduces the short title "Oregon Criminal Code of 1971." In context of defendant's arguments, we understand him to be referring to ORS 161.605(2), which provides that "[t]he maximum term of an indeterminate sentence of imprisonment for a felony is * * * [f]or a Class B felony, 10 years."